SMITH, Justice.
Minnie C. Fuller appeals from a decree of the Chancery Court of Lafayette County. The decree upheld the validity of her note, payable to American Aluminum Corporation and secured by a trust deed on her home, in the hands of United States Finance Company, as assignee. Also, a temporary injunction previously issued, restraining foreclosure of the deed of trust, was dissolved.
The proof shows that appellant had purchased for $900 a one acre lot on which there was situated a somewhat dilapidated *411 dwelling. One Greenwood prevailed upon her to order the installation of aluminum siding on this building. She says the price quoted was $295, he says it was $1,295. In any event, she executed a contract stipulating the latter price and afterward executed an installment note in excess of $2,000, including interest, together with a deed of trust on the property securing it. The siding was installed and she then executed a “completion certificate” stating that the job had been satisfactorily done and at this time paid $25.00 which was credited on the debt. There is no dispute that each of these papers was signed by appellant.
Appellant testified that when she noticed that the figure appearing in the written contract was $1,295 rather than $295 she immediately wrote American Aluminum Corporation rescinding the contract and directing them not to install the siding. She testified that the letter was properly stamped and deposited in the United States mail. No proof was offered that it was not received by American Aluminum Corporation and a presumption arose that it was.
We are urged, therefore, to reverse and remand the case to the trial court in order that recovery may be limited to quantum meruit. This might be done were it not for the undisputed fact that the rights of United States Finance Company have intervened. The note and deed of trust were purchased by United States Finance Company and duly assigned to it. The record is wholly silent as to any fraudulent participation in or knowledge on its part of the precedent facts relied upon by appellant. There is no evidence of a fraudulent or any other improper connection or relationship between the companies or that United States Finance Company was other than a purchaser of the note in good faith, for value and without notice. It is often difficult to protect persons against the consequences of their own folly in any case. It becomes impossible to do so where such folly has led to the interposition of rights of others who are innocent of wrongdoing, or at least, who are not shown to be guilty of wrongdoing.
On facts before him the chancellor found that the note and deed of trust were valid and that the latter was subject to foreclosure in the hands of the holder of the note, United States Finance Company. Appellant involved herself in what appears to have been a grievously improvident transaction. There is no denial on her part of the execution of the several documents, including the completion certificate. We are unable to say on the record before us (and that is all we can act upon) that the chancellor’s findings were manifestly wrong. For that reason, the decree appealed from must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ„ concur.